**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION**

| | |
|---|---|
| In re:<br><br>Ei, LLC,<br><br>                                    Debtor. | Chapter 7<br><br>Case No. 18-50945 |
| C. Edwin Allman, III, Chapter 7 Trustee of Ei, LLC,<br><br>                                    Plaintiff,<br><br>vs.<br><br>ALKU Technologies, LLC,<br>                                    Defendant. | Adv. No. 20-06011 |

**AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS
PURSUANT TO 11 U.S.C. § 502**

C. Edwin Allman, III, chapter 7 trustee (the "Plaintiff" or "Trustee") for the estate of Ei, LLC ("Ei" or the "Debtor"), by and through his undersigned counsel, files this amended complaint (the "Amended Complaint") to avoid and recover transfers against ALKU Technologies, LLC (the "Defendant") and to disallow any claims held by Defendant. In support of this Amended Complaint, Plaintiff alleges upon information and belief that:

**NATURE OF THE CASE**

1.     Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property by Ei that occurred during the ninety (90) day period prior to the commencement of Ei's bankruptcy proceedings pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections

1

548 and 550 of the Bankruptcy Code any transfers by Ei that may have been fraudulent conveyances.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against Ei. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Middle District of North Carolina, captioned *In re: Ei Manufacturing, LLC,* Case No. 18-50945, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B), (F) and (H), and the Court may enter final orders for matters contained herein.

6.      Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

7.      On September 7, 2018 (the "Petition Date"), Ei commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8.     On October 31, 2018, Ei's chapter 11 case was converted to a case under chapter 7 and the Trustee was appointed to serve as the chapter 7 trustee.

9.     Pursuant to the Ei's schedules, Ei's liabilities exceed its assets, and therefore general unsecured claims are not expected to be paid in full. (Doc. 45).

## THE PARTIES

10.     Pursuant to Bankruptcy Code sections 547, 548, 550, and 704(a) and the Trustee's appointment as chapter 7 trustee of Ei, Plaintiff is authorized and has standing to investigate, pursue, commence, prosecute, compromise, settle, or otherwise resolve certain causes of action under chapter 5 of the Bankruptcy Code, including the instant avoidance action.

11.     Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided computer related services and consulting to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 200 Brickstone Square, Suite 503, Andover, Massachusetts 01810.  Plaintiff is informed and believes and on that basis alleges that Defendant is a limited liability company residing in and subject to the laws of the State of Massachusetts.

## FACTUAL BACKGROUND

12.     As more fully discussed in the *Declaration of Michael J. Musso in Support of First Day Motions and Applications*,[1] Ei was a producer and seller of private label over-the-counter drugs and cosmetics products and a contract manufacturer for third party suppliers of over-the-counter drugs, cosmetics, prescription drugs, and animal health products.

---

[1] (Doc. 13).

13.     Prior to the Petition Date, Ei, as a producer, seller, and manufacturer, maintained business relationships with various business entities, through which Ei regularly purchased, sold, received, and/or delivered goods and services.

14.     As a producer, seller, and manufacturer, Ei regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. Ei also regularly paid for services used to facilitate its business.

15.     Ei's financial difficulties that led to the decision to file the Chapter 11 Case are attributable to a combination of factors, including ineffective senior leadership, employee turnover, extensive product quality issues and the subsequent recall of many products, and poorly executed growth plans.

16.     As of the Petition Date, Ei utilized and maintained a cash management system for the collection, concentration, management, and disbursement of funds in its business.[2]

17.     Disbursements to Ei's vendors were made from an account ending 0973 at Bank of America, N.A. (the "Disbursement Account").

18.     Ei drew upon the Disbursement Account to pay for its operational costs, including payments to its vendors, suppliers, distributors, and other creditors, including Defendant.

19.     During the ninety (90) days before the Petition Date, that is between June 9, 2018 and September 7, 2018 (the "Preference Period"), Ei continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

---

[2] *See Debtors' Emergency Motion for Authority to (A) Maintain Existing Bank Accounts and Continue Use of Existing Cash Management System, (B) Continue Use of Existing Business Forms, and (C) Continue Existing Investment Practices* (Doc. 9).

20.     Upon information and belief, during the course of their relationship, Ei and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to Ei as described in the "Parties" section of this Amended Complaint. The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

21.     Ei and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

22.     As identified in the Agreements identified on Exhibit A, Ei purchased goods and/or services from Defendant.

23.     Plaintiff has completed an analysis of all readily available information of Ei and is seeking to avoid all of the transfers of an interest of Ei's property made by Ei to Defendant within the Preference Period.

24.     Ei made transfer(s) of an interest of Ei's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $15,792.00 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

25.     On or about «Letter_Date», Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c), and requested that if Defendant had evidence to support any affirmative defenses, it provide this

evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

26.     Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Amended Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

27.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by Ei of an interest in its property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

28.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

29.     During the Preference Period, Ei made Transfers to or for the benefit of Defendant in an aggregate amount not less than $15,792.00.

30.     Each Transfer was made from the Disbursement Account described *supra,* and constituted transfers of an interest in property of Ei.

31.     Defendant was a creditor of Ei at the time of each Transfer by virtue of supplying goods and/or services identified in this Amended Complaint and in the Agreements to Ei, as more fully set forth on <u>Exhibit A</u> hereto, for which Ei was obligated to pay following delivery in accordance with the Agreements.  <u>See Exhibit A</u>.

32.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Ei to Defendant.  <u>See Exhibit A</u>.

33.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by Ei to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Ei. <u>See Exhibit A</u>.

34.     Each Transfer was made while Ei was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

35.     Each Transfer was made during the Preference Period, as set forth on <u>Exhibit A</u>.

36.     As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Ei's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Ei's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, Ei's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from Ei's bankruptcy estate.

37.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

7

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

38.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

39.     To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was paid in satisfaction of a debt not incurred by Ei, Plaintiff pleads in the alternative that Ei did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A.     Ei was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

    B.     Ei was engaged, or about to engage, in business or a transaction for which any property remaining with Ei or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    C.     Ei intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

40.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

41.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

42. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

43. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

44. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

45. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

46. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

47. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

48. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against Ei's chapter 7 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

49. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against Ei's chapter 7 estate or Plaintiff previously allowed by Ei or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Select Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 20, 2020

**ASK LLP**

By: /s/  *Nicholas C. Brown*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
(admitted *pro hac vice*)
Brigette McGrath, Esq., NY SBN 4962379
(admitted *pro hac vice*)
Nicholas C. Brown, Esq., NC SBN 38054
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3850
Fax: (651) 406-9676
Email: jsteinfeld@askllp.com
Email: bmcgrath@askllp.com
Email: nbrown@askllp.com

*Counsel for Plaintiff, C. Edwin Allman, III, as*
*Chapter 7 Trustee of Ei Manufacturing, LLC*